In the Matter of the Claim of SAMUEL LEVY, Appellant, against LEVY'S BAZAAR, INC., and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Respondents. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by claimant from a decision of the State Industrial Board denying an application for compensation on the ground that the accident and the injuries sustained thereby did not arise out of and in the course of the employment. Claimant was employed by Levy's Bazaar, Inc., located at 5706 Fifth avenue, Brooklyn, N. Y., as a salesman and as such had charge of delivering packages. On December 15, 1934, a customer of the employer purchased merchandise in the employer's store and was waited upon by the claimant. The customer directed that the merchandise be delivered to her at her home in Brooklyn, N. Y., between one and two o'clock P. M. on the same day. The president of the employer corporation is a brother-in-law of the claimant and bears the same name. Claimant's mother resided in the home of the president of the corporation who is her son-in-law. On December 15, 1934, she requested her son-in-law to drive her to her husband's store, also located in Brooklyn. The employer drove the automobile to his own store. He then directed claimant to deliver the merchandise to the customer for whom it was intended and to take his mother in the automobile to her husband's store. While claimant was driving the employer's automobile for the purposes indicated the

car collided with another motor vehicle as a result of which claimant sustained the injuries in question. The evidence conclusively establishes that the main purpose of the automobile trip was the delivery of the merchandise to the customer who had purchased it, and also that claimant was taking his mother to his father's store at the express direction of his employer. We can see no reason to indicate that the accident and injuries did not arise out of and in the course of the employment. Decision reversed, and matter remitted to the State Industrial Board for further consideration; with costs to the claimant against the employer and the carrier. All concur.